**Mary Elizabeth STRODER,
Petitioner—Appellant,**

v.

**Derrel G. ADAMS, Warden,
Respondent—Appellee.**

No. 02–17520.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2004.

Decided May 10, 2004.

Allison Claire, Esq., Sacramento, CA, for Petitioner–Appellant.

Robert P. Whitlock, Esq., Fresno, CA, for Respondent–Appellee.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

## ORDER & MEMORANDUM *

Mary Elizabeth Stroder appeals the district court's denial of her habeas petition. She alleges that the state trial court's denial of her motions for a change of venue and for severance of her joint trial with Charles Rountree violated due process. In addition, Stroder has moved for a broader Certificate of Appealability

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("COA"). She seeks to challenge the jury's guilty verdict and finding of felony-murder special circumstances due to insufficiency of evidence.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's denial of Stroder's habeas petition.[1] Though we grant Stroder's motion for a broader COA, we deny her arguments on the merits. The facts are familiar to the parties, and we therefore do not recite them here except as necessary.

■ The state court did not violate due process by denying Stroder's motions for a change of venue. The state court reasonably applied Supreme Court precedent[2] in its determination that neither presumed prejudice nor actual bias infected the jury.[3] The publicity surrounding Stroder's trial was not extreme enough to mandate a finding of presumed prejudice.[4] Neither did Stroder demonstrate actual juror bias. Though eight of the seated jurors had heard of the case prior to trial, all twelve jurors testified that they could consider the evidence impartially.[5]

■ The trial court's denial of Stroder's motions for severance of her joint trial with Rountree did not violate due process. The Government's use of Rountree's redacted confession, which made no mention of Stroder's existence, comported with procedures sanctioned by the Supreme Court.[6] The trial court properly provided the jury with limiting instructions,[7] and the Government did not undermine those instructions in its arguments to the jury. Finally, although Stroder and her co-defendant may have had different motives for employing their peremptory challenges during jury selection, the Constitution provides Stroder with the right to an "impartial, indifferent" jury, not to a sympathetic

---

1. This court reviews de novo a district court's decision to deny a habeas petition. *See Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).

2. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), governs this case. Under AEDPA, Stroder must demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

3. *See Harris v. Pulley*, 885 F.2d 1354, 1361–63 (9th Cir.1988). "Prejudice is presumed when the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime. Under such circumstances it is not necessary to demonstrate actual bias." *Id.* at 1361 (citations omitted). In the alternative, due process mandates a change of venue "if the jurors demonstrated actual partiality or hostility that could not be laid aside." *Id.* at 1363.

4. *See id.* at 1361 ("The presumed prejudice principle is rarely applicable and is reserved for an 'extreme situation.' ") (citations omitted). *See, e.g., Sheppard v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).

5. *See Mu'Min v. Virginia*, 500 U.S. 415, 428, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991) (finding no actual prejudice where, as here, eight of the twelve jurors knew of the case from pretrial publicity); *Irvin*, 366 U.S. at 722–23, 81 S.Ct. 1639 (holding that the relevant inquiry is whether jurors can overcome their preconceptions and consider the evidence with impartiality).

6. *See Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987).

7. *See id.; Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (stating that "limiting instructions[ ] often will suffice to cure any risk of prejudice").

one.[8] Stroder has not met her burden of proving that the state court's refusal to sever her trial rendered the trial fundamentally unfair.[9]

We grant Stroder's motion for a broader COA regarding her sufficiency claims because "[r]easonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[10] However, we deny Stroder's sufficiency claims on the merits.[11] The Government presented sufficient evidence connecting Stroder to the crimes for which the jury convicted her. "After viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[12] Although the jury *could* have arrived at a different conclusion, "the prosecution need not [have] affirmatively rule[d] out every hypothesis except that of guilt."[13] Stroder's claims of insufficient evidence therefore fail.

For the foregoing reasons, we affirm the district court's denial of Stroder's petition for a writ of habeas corpus.

AFFIRMED.

---

**8.** *Irvin*, 366 U.S. at 722, 81 S.Ct. 1639 (internal quotation marks omitted).

**9.** *See Grisby v. Blodgett*, 130 F.3d 365, 370 (9th Cir.1997).

**10.** *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted).

**11.** Under Ninth Circuit Rule 22–1, we must allow the respondent an opportunity to brief any previously uncertified issue before we *grant relief* on that issue. Because we *deny* Stroder's previously uncertified claims, we find no need to require further briefing from the Government on those issues.

**12.** *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis omitted).

**13.** *Wright v. West*, 505 U.S. 277, 296–97, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (internal quotation marks and citation omitted).

